FILED
CLERK, U.S DISTRICT COURT

JUL 31 2008

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOVITA PEREZ-SOTO,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>IRENE MARTIN,<br><br>　　　　　Respondent. | Case NO. SACV 08-0042-VBF (JTL)<br><br>ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the Petition for Writ of Habeas Corpus, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge. The Court concurs with and adopts the findings, conclusions and recommendations of the Magistrate Judge.

IT IS ORDERED that judgment be entered dismissing the Petition for Writ of Habeas Corpus for lack of jurisdiction.

DATED: July 31, 2008

VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE



FILED
CLERK, U.S. DISTRICT COURT
MAY 19 2008
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOVITA PEREZ-SOTO,<br><br>　　　　　Petitioner,<br><br>　　vs.<br><br>IRENE MARTIN,<br><br>　　　　　Respondent. | Case No. SACV 08-00042-VBF (JTL)<br><br>REPORT AND RECOMMENDATION OF<br>UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is submitted to the Honorable Valerie Baker Fairbank, United States District Judge pursuant to the provisions of 28 U.S.C. Section 636 and General Order 194 of the United States District Court for the Central District of California.

## PROCEEDINGS

On January 15, 2008, Jovita Perez-Soto ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. Section 2241 ("Petition").[1]  Petitioner challenges both the validity of her husband's final administrative

---

[1] The Petition was actually filed by Petitioner's next friend, John L. Minnella. (See Petition at 5); Local Rule 83-16.3 (authorizing a next friend petition for a writ of habeas corpus in exclusion, deportation, and removal cases).

order of removal from the United States[2] as well as Petitioner's removal as a consequence. Petitioner also claims that the "arrest, detention and threatened imminent removal" of Petitioner and her husband is in violation of Petitioner's constitutional rights of due process and equal protection. On March 7, 2008, the Court issued an order instructing Petitioner and Irene Martin, Field Office Director of the United States Citizenship and Immigration Services ("Respondent"), to brief the issue of whether the Court maintained jurisdiction over the Petition pursuant to the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, § 106, 119 Stat. 302 (2005). On March 28, 2008, Respondent filed a Brief Regarding the Court's Lack of Subject Matter Jurisdiction under the REAL ID Act ("Brief"). The Brief included a declaration by Alarice M. Medrano, Assistant United States Attorney, stating that Petitioner "voluntarily departed the United States with her husband, Angel Pedro Gutierrez-Ramos (who was removed), to Mexico on January 14, 2008" and attached written verification of Petitioner's January 14, 2008, departure from the United States. Petitioner did not file a Response to the Brief.

The matter is now ready for decision.

**DISCUSSION**

On May 11, 2005, the "Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005," Pub. L. No. 109-13, 119 Stat. 231, became law. Division B of the Act is referred to as the "REAL ID Act of 2005." Section 106 of the REAL ID Act amends portions of Section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. Section 1252, and changes the scope of judicial review of removal orders. REAL ID Act, Section 106(a); 8 U.S.C. §§ 1252(a)(5) and (b)(9). The amendments to 8 U.S.C. Section 1252 apply to all cases in which a final administrative order of removal, deportation, or exclusion has been entered "before, on, or after" the date of the enactment

---

[2] On January 15, 2008, Petitioner's husband, Angel Pedro Gutierrez-Ramos, filed a federal habeas petition in this Court, case number SACV 08-00040-GPS (JTL), challenging the validity of his removal order.

1  of the REAL ID Act, May 11, 2005. REAL ID Act, Section 106(b).

2  Section 106(a)(2) of the REAL ID Act amends 8 U.S.C. Section 1252(b)(9) to eliminate federal habeas corpus jurisdiction over final orders of removal. Nadarajah v. Gonzales, 443 F.3d 1069, 1075 (9th Cir. 2006). 8 U.S.C. Section 1252(b)(9) provides that:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, **by habeas corpus under section 2241 of title 28, United States Code, or any other habeas corpus provision,** by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9) (emphasis added). A petition challenging a removal order must be directed to the court of appeals. See Singh v. Gonzales, 499 F.3d 969, 978 (9th Cir. 2007). A habeas corpus petition challenging a final administrative order of removal, deportation, or exclusion pending on the date of enactment, i.e., May 11, 2005, shall be transferred by the district court to the appropriate court of appeals. REAL ID Act, Section 106(c); 8 U.S.C. § 1252(b)(2).

A petition for review with the courts of appeals is the "sole and exclusive means for judicial review of an order of removal . . ." 8 U.S.C. § 1252(a)(5). Accordingly, this Court lacks jurisdiction over the Petition. See Iasu v. Smith, 511 F.3d 881, 887 (9th Cir. 2007). Although Petitioner is challenging an order of removal pertaining to her husband rather than herself, the Court need not decide the issue of Petitioner's standing to challenge her

husband's removal order because the Court lacks subject matter jurisdiction. See 28 U.S.C. § 1252(a)(5). Thus, the Petition is dismissed for lack of jurisdiction.[3]

To the extent Petitioner challenges the events and conditions of her husband's confinement prior to "imminent removal," habeas relief is still not warranted because Petitioner was not in "custody" when the Petition was filed. See 28 U.S.C. § 2241(c) ("The writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody . . . ."); Maleng v. Cook, 490 U.S. 488, 490-92 (1989); Miranda v. Reno, 238 F.3d 1156, 1158 (9th Cir. 2001) (holding that a petitioner cannot utilize habeas corpus jurisdiction if the petitioner was removed prior to filing his or her Section 2241 habeas petition).[4]

Here, Petitioner voluntarily left the United States with her husband, who was removed to Mexico on January 14, 2008. Petitioner filed the instant Petition on January 15, 2008, one day after her voluntary departure from the United States. Because Petitioner did not satisfy the "in custody" requirement when she filed the Petition, the Court does not have jurisdiction to hear Petitioner's challenge to the events and conditions of confinement. See Miranda, 238 F.3d at 1158.

///
///
///
///
///
///

---

[3] Because the Petition was filed on January 15, 2008 and was not pending on or before May 11, 2005, the Petition must be dismissed. See Iasu, 511 F.3d at 888-99 (Section 2241 habeas petition filed in district court after the enactment of the REAL ID Act must be dismissed; it can be neither entertained nor transferred); see also Puri v. Gonzales, 464 F.3d 1038, 1042-43 (9th Cir. 2006).

[4] Notwithstanding this, the court would not be foreclosed from hearing this claim because Petitioner does not challenge her husband's order of removal, but instead the constitutional validity of Petitioner's "arrest, detention, and threatened imminent removal." (Petition at 3). See Singh v. Gonzales, 499 F.3d 969, 978 (9th Cir. 2007).

4

## RECOMMENDATION

IT THEREFORE IS RECOMMENDED that the District Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) directing that Judgment be entered denying the Petition and dismissing this action without prejudice for lack of jurisdiction.

DATED: May 19, 2008

> /s/
> JENNIFER T. LUM
> UNITED STATES MAGISTRATE JUDGE